UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| William Vázquez, ) | |
| ) | |
| Plaintiff ) | Case No. 07 CV 6679 |
| ) | |
| v. ) | Honorable Ruben Castillo |
| ) | |
| Village of Bensenville, ) | Magistrate Judge Arlander Keys |
| County of DuPage, ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT, COUNTY OF DUPAGE'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**NOW COMES** the COUNTY OF DUPAGE, named as a Defendant in this matter, by and through its attorney, JOSEPH E. BIRKETT, DuPage County State's Attorney, and his Assistants Thomas F. Downing and Paul F. Bruckner, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss Plaintiff's Complaint against it and in support thereof states as follows:

### INTRODUCTION

On or about December 20, 2007, Plaintiff filed a six count lawsuit in the United States District Court, Northern District of Illinois, purporting to allege malicious prosecution and violations of Plaintiff's civil rights by the Village of Bensenville and the COUNTY OF DUPAGE. Counts II, IV, V and VI request relief against Defendant, COUNTY OF DUPAGE. (In compliance with this Honorable Court's rule relative to Motion Practice, counsel for the County of DuPage forwarded a concise letter, via e-mail to Plaintiff, summarizing the legal and factual grounds for this motion, with references to supporting authorities.)

An examination of Plaintiff's Complaint establishes that the Plaintiff is attempting to hold the COUNTY OF DUPAGE vicariously liable for the actions of the Sheriff of DuPage

1

County, the State's Attorney of DuPage County, the Judges of the 18th Judicial Circuit Court of Illinois, and the Village of Bensenville. Specifically, Plaintiff incorrectly alleges that the "County of DuPage supervises States(sic) Attorney Joseph E. Birkett, DuPage County State's Attorney and the DuPage County's(sic) Sheriff Office." (Complaint ¶3). The DuPage County State's Attorney and the Sheriff of DuPage County are independently elected officers who are not "supervised" by the COUNTY OF DUPAGE. Plaintiff further appears to incorrectly allege that the County of DuPage operates its own courts system, stating: "Local court call is heard in the Addison Field Court, a branch of the DuPage Court system." (Complaint ¶13). The County of DuPage does not operate its own court system. The court located in Addison is a part of the State of Illinois judicial system, specifically, the 18th Judicial Circuit Court of the State of Illinois. The COUNTY OF DUPAGE cannot be held vicariously liable for the alleged actions of the Sheriff of DuPage County, the DuPage County State's Attorney, the Judges of the 18th Judicial Circuit Court of the State of Illinois, or the Village of Bensenville because no employer/employee relationship exists between the COUNTY OF DUPAGE and any of said entities.

### THE COUNTY OF DUPAGE IS NOT VICARIOUSLY LIABLE FOR THE ALLEGED ACTIONS OF THE SHERIFF OF DUPAGE COUNTY

In this matter Plaintiff is apparently attempting to impute the purported actions of the DuPage County Sheriff to the County of DuPage (see e.g.: Complaint ¶21, "The County of DuPage..., acting under an arrest warrant..., arrested Plaintiff..."; Complaint ¶29, "DuPage County arrested Plaintiff..., detained Plaintiff..." However, "[w]hen an action is brought against a master based on [the] . . . acts of the servant and no independent wrong is charged on behalf of the master, liability is entirely derivative, being founded upon the doctrine of *respondeat superior*... . [A]pplication of the doctrine of *respondeat superior* requires the existence of an

2

employment relationship." As to the relationship between the sheriff and the COUNTY OF DUPAGE, "the position of sheriff is an office and not a mere employment [and] as such, the doctrine of *respondeat superior* has no application." *Moy v County of Cook*, 159 Ill.2d 519, 640 N.E.2d 926 (Illinois 1994).

More specifically, in this matter, as in *Cooper v. Office of the Sheriff of Will County*, 333 F.Supp.2d 728 (Northern Dist. Ill. 2004), citing *Moy*,

> the Supreme Court of Illinois ruled that a county is not liable for the actions of its sheriff under the *respondeat superior* doctrine because under Illinois law, the sheriff is a county officer, and an employee/employer relationship does not exist between the county and its sheriff. "Therefore, the county may not be held vicariously liable for the sheriff's alleged . . . conduct,".

For the reasons stated, the COUNTY OF DUPAGE cannot be held vicariously liable for the purported actions of the DuPage County Sheriff. Accordingly, Plaintiff has failed to state a claim against the COUNTY OF DUPAGE upon which relief can be granted. Plaintiff's Complaint must be dismissed as to the COUNTY OF DUPAGE.

### THE COUNTY OF DUPAGE IS NOT VICARIOUSLY LIABLE FOR THE ALLEGED ACTIONS OF THE DUPAGE COUNTY STATE'S ATTORNEY

In this matter Plaintiff is also apparently attempting to impute the purported actions of the DuPage County State's Attorney to the County of DuPage (see e.g.: Complaint ¶29, "DuPage County ... prosecuted Plaintiff."; Complaint ¶34, The County prosecuted the criminal proceedings, *People v. Vázquez,* DuPage County case number 2006CM007074 against Plaintiff."). However, for reasons similar to those stated above relative to the Sheriff of DuPage County, the COUNTY OF DUPAGE cannot be held vicariously liable for the alleged actions of the DuPage County Sheriff State's Attorney. In *Biggerstaff v. Moran*, 284 Ill.App.3d 196, 671 N.E.2d 781 (1st Dist. 1996), the Court determined that "[j]ust as Cook County is not vicariously liable for the Cook County Sheriff's negligent acts because the Sheriff is a county officer, not a

3

county employee, Cook County is not vicariously liable for the Cook County State's Attorney's negligent acts... The State's Attorney is a step further away from having an employment relationship ... because he is a state officer whose office was constitutionally created under the judiciary article. Ill. Const.1970, art. VI, Sec. 19."

For the reasons stated, the COUNTY OF DUPAGE cannot be held vicariously liable for the purported actions of the DuPage County State's Attorney. Accordingly, Plaintiff has failed to state a claim against the COUNTY OF DUPAGE upon which relief can be granted. Plaintiff's Complaint must be dismissed as to the COUNTY OF DUPAGE.

### THE COUNTY OF DUPAGE IS NOT VICARIOUSLY LIABLE FOR THE ALLEGED ACTIONS OF THE JUDGES OF THE 18th JUDICIAL CIRCUIT COURT OF THE STATE OF ILLINOIS OR THE VILLAGE OF BENSENVILLE

In this matter, the Plaintiff appears to assert that the COUNTY OF DUPAGE operates its own court system (see e.g.: Complaint ¶3, "Looking at DuPage County's local branch court, Addison Court"; and Complaint ¶13, referenced above). However, contrary to Plaintiff's apparent assertion, the COUNTY OF DUPAGE does not operate its own court system. The court located in Addison is a part of the State of Illinois judicial system, specifically, the 18th Judicial Circuit Court of the State of Illinois. The judges presiding in the Addison Field Court are judges of the 18th Judicial Circuit Court of the State of Illinois, and, are employees of the State of Illinois; they are not employees of the COUNTY OF DUPAGE. Accordingly, as stated above, no employment relationship exists and the COUNTY OF DUPAGE cannot be held vicariously liable for the purported actions of the Judges of the 18th Judicial Circuit Court of the State of Illinois. Plaintiff has failed to state a claim against the COUNTY OF DUPAGE upon which relief can be granted. Plaintiff's Complaint must be dismissed as to the COUNTY OF DUPAGE.

Lastly, to the extent that Plaintiff's Complaint attempts to hold the COUNTY OF DUPAGE liable for the purported actions of the Village of Bensenville, no employment relationship exists between the Village of Bensenville and the COUNTY OF DUPAGE. Accordingly, as stated above, the COUNTY OF DUPAGE cannot be held vicariously liable for the purported actions of the Village of Bensenville. Plaintiff has failed to state a claim against the COUNTY OF DUPAGE upon which relief can be granted. Plaintiff's Complaint must be dismissed as to the COUNTY OF DUPAGE.

**WHEREFORE**, based upon the foregoing and because Plaintiff has failed to state a cause of action against the COUNTY OF DUPAGE upon which relief can be granted, the Defendant, the COUNTY OF DUPAGE, respectfully requests that this Honorable Court dismiss the Plaintiff's Complaint as to the COUNTY OF DUPAGE, with prejudice, and for such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

By:  s/ Paul F. Bruckner
Assistant State's Attorney

JOSEPH E. BIRKETT
DuPage County State's Attorney
By: Paul F. Bruckner
Assistant State's Attorney
Attorney No. 6206660
503 N. County Farm Road
Wheaton, Illinois 60187
630/407-8200

CERTIFICATE OF SERVICE

TO:  Mr. William Vázquez                    Phillip A. Luetkehans
     100 North Mason Street, #302           Brian J. Armstrong
     Bensenville, IL  60106                 Robert William Funk, II
                                            SCHIROTT & LUETKEHANS, P.C.
                                            105 East Irving Park Road
                                            Itasca, IL  60143

The undersigned being first duly sworn upon oath states that:

On the 13th day of February, 2008, I served a copy of DEFENDANT, COUNTY OF DUPAGE'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, according to Fed.R.Civ.P. 5(a), by e-filing a copy to Phillip Luetkehans, Brian J. Armstrong and Robert W. Funk, III, and by mailing a copy to William Vázquez and depositing the same in the U.S. Mail in Wheaton, Illinois with the proper postage prepaid.

                                    s/ Paul F. Bruckner
                                    Assistant State's Attorney