

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**
MAR 31 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| William Vázquez, Plaintiff, | No. 07 CV 6679 |
| v. | Judge Castillo |
| Village of Bensenville, Defendants. | Mag. Judge Keys |
| | Jury Demand |

**FILED**
APR 04 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

To:

Phillip A. Luetkehans, Attorney for
The Village of Bensenville
105 East Irving Park Road
Itasca, Illinois 60143

### NOTICE OF FILING

You are here by notified that on the ____28th____ of March, 2008 The following documents were filed with the Clerk of the Court:

      Sum Certain

With which you may see fit to do.

State of Illinois      }
                       }    SS
County of DuPage       }

**PROOF OF SERVICE**

I, William Vázquez, Pro-se, on oath state that I served a copy of the foregoing NOTICE, by mail a copy, with all postage paid / I served this notice by delivering a copy, to each person to whom it is directed, this

28th day of March _____, 2008.

_____
William Vázquez, Pro-se

William Vázquez, Pro-se
100 North Mason Street, #302
Bensenville, Illinois
60106
630.319.4181
wilv@sbcglobal.net

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



William Vázquez,
    Plaintiff,

No. 07cv6679

v.

Village of Bensenville,

    Defendants.

Jury Demand

FILED
APR 04 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

RECEIVED
MAR 31 2008
MICHAEL W. DOBBINS
CLERK, U S. DISTRICT COURT

## AMENDED COMPLAINT ONE

Plaintiff, William Vázquez, Pro-se, complain of defendants the Village of Bensenville as follows:

### Nature of Action

This case is about an oppressive and relentless harassment campaign that The Village of Bensenville and others waged against Plaintiff, William Vázquez ("Plaintiff") for publicly speaking out regarding the Village of Bensenville ("Village") affairs and matters of public concern. Plaintiff suffered and continues to suffer improper deprivation of rights under 42 U.S.C. § 1983. The government official activity escalated to eight separate misdemeanor charges being filed against Plaintiff. The defendants

improperly have attempted to deprive the Plaintiff of his Constitutional rights to:

1.) Freedom of speech;
2.) The right of the people peaceably to assemble;
3.) The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures;
4.) Be deprived of life, liberty, or property, without due process of law;
5.) False arrest;
6.) To be informed of the nature and cause of the accusation;
7.) The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any state on account of race, color, or previous condition of servitude.

Plaintiff is the victim of a vindictive campaign to intimidate him through the power of government. Plaintiff, because of his opposition to policies and illegal acts of the named defendants, Plaintiff has been punished using the color of law. In addition, Plaintiff asserts the additional claim of malicious prosecution against Defendants.

## Parties

1.) William Vázquez, Pro-se Plaintiff, resident of DuPage County for over 25 years. No criminal convictions. In fact, Plaintiff received a 'directed verdict' in one of the eight cases brought against defendant by the Village of Bensenville. Pro-se Plaintiff comes before this court with clean hands.

2.) Village Of Bensenville is incorporated as a Village form of government with in the County of DuPage. Village of Bensenville, Department of Public of Public Safety, Police Division was "reconstitute" by Federal Court Order in 2002 due to general corruption. All Bensenville Police officers were allowed to resign or face charges in the Federal District. Village of Bensenville had a unique opportunity at that time to reflect the community it serves and hire and retain Hispanic Officers/management, it choose no to comply will Illinois and Federal employment law.

## Jurisdiction and Venue

4.)  Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States – specifically, 42 U.S.C. § 1983.

5.)  Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b), because defendants reside in this District and because the circumstances for this action arose in this District.

6.)  This Court has supplemental jurisdiction, under 28 U.S.C. § 1367(a), over Plaintiff's state law malicious prosecution and failure to train and supervise claims because those claims are so related to the claim in this action with the Court's original jurisdiction that it forms part of the same case or controversy. In addition it would be fundamentally unfair to expect a pro-se Plaintiff to duplicate his efforts and expenses.

## Vázquez Family in Bensenville

7.) From 2003 through December 2006, William Vázquez, Plaintiff, lived at 390 West Hillside Drive, Bensenville. Before this date Plaintiff has lived in DuPage County for over 20 years. Plaintiff is a graduate of Elmhurst College and attended Northwestern University as a graduate student at large. Plaintiff is gamefully employed in the financial services field. Plaintiff has been appointed as legal guardian at least three occasions for, at risk, kids over the last 20+ years.

8.) Plaintiff became Court appointed legal guardian of a, at risk, minor in November 2005 until late February 2006.

9.) Prior to 2005, Plaintiff was not active in Village affairs, had not spoken at any Village meeting, and had not otherwise publicly presented a position regarding Village government.

10.) In the summer 2005, Plaintiff began a campaign to get the Village to enforce its building / housing codes against a neighbor blight, 380 West Hillside Drive. This building was grossly over crowded, not maintained and was violating various Village codes including those which governs number and locations of parked cars. The building owners contributed to campaign of Bensenville mayor and in returned only pays 1/3 of normal and expected water bills, leveled by The Village of Bensenville. Again this building is grossly overcrowded and allowed to fester due to political considerations.

11.) Other alia enormia include a political party which has been in power since 1985 by diluting minority voter rights in its use of district wide elections. All elected offices and management employees are white. The Village of Bensenville make Hispanic businesses wait, sometimes for over a year for business licenses which is not the same as white applicants.
In addition The Village of Bensenville allows its political contributing businesses to sell alcohol, cigarettes and drug paraphernalia to minors. Again this is a village which is more than 40% Hispanics, which feels it's above the law and intentionally disregards its fiduciary duties to all its citizens. This is reflected in Bensenville's in its political, employment and retention policies.

## Plaintiff Begins to Raise Concerns

11.) Plaintiff was in contact with various members of the Village about concerns about 380 West Hillside Drive. Minimal results did materialize as to outward appearance and upkeep of 380 West Hillside Drive.

12.) Plaintiff takes note that there are no elected 'Latino' members to the Village. There are no 'Latinos' in managers, directors or other upper levels of Village government. There are only 3 Latino police officers in the Village, one sergeant and two female beat officers. All six detectives out of 31 police officers are white male and so are their bosses/supervisors.

13.) Local court call is heard in the Addison Field Court, a branch of the DuPage Court system. 18 random samples were taken of a defendant's racial or national origin in this misdemeanor/traffic court room. 98% of all defendants were Latino, a statistically significant number since it's above two standard deviations that would be expected. In talking to this court room's personnel, the Bensenville court call was described as the 'brown' court call. Not all court room personnel were willfully blind.

14.) Illinois Department of Transportation, Racial Profiling Study Supports Plaintiff's own study. It shows the Bensenville Police Officer tickets Hispanic drivers greater than 2 times the standard deviation as would be expect from general population. In fact the days studied showed the same arresting officer in this case only gave "warning tickets" to white female drivers and no "warning tickets" were issued to Hispanics during the same periods studied. The Village of Bensenville has failed to train or supervise said white arresting officer and consents and encourages said officer, acting in their official capacity, under the color of law, to intentionally and deliberately, to use his ticket(s), tows and arrests powers of their office, to discriminate against Hispanics.

15.) In February 2006 Plaintiff served the Village president and the Village Police Chief with a 30 day notice intend to sue. Fiduciary and Qui Tam grounds were cited in that notice to each Village Officer.

## Village of Bensenville Strikes Back

16.) The Village, acting under color of state law, has towed a truck owned by Plaintiff, from private property with out neither warrant nor property's owner's permission, on at least 3 separate occasions.

17.) The Village, acting under color of state law, has and continues to enter private property with out the property's owner consent or permission, in order to ticket Plaintiff's truck for non-display of Village sticker.

18.) The Village, acting under color of state law, has conducted illegal searches of the Plaintiff's apartment @ 390 West Hillside and freely admits to this, DuPage hearing 10-23-2007, DuPage Case Numbers 2006 DV 683, 2006 DV 835, and 2006 DV 1071.

19.) The Village, acting under color of state law, has conducted illegal searches of the Plaintiff's apartment @ 390 West Hillside. This illegal search/entry resulted in the arrest of Plaintiff. DuPage County Case Numbers 2006 DV 0683 and 2006 DV 835.

20.) The Village, acting under color of state law, has refused to allow a Pro-se Plaintiff to secured and protect his privileged and confidential case files related to these criminal cases during an arrest. DuPage County Case Number 2006 DV 1071.

21.) The County Of DuPage ("County"), acting under an arrest warrant obtained by the Village, arrested Plaintiff while he was preparing for a hearing at the Wheaton Court House, DuPage Case Number 2005 CM 6830. The County acting under color of state law, had refused to allow a Pro-se Plaintiff to secured and protect his privileged and confidential case files related to these criminal cases during an arrest, for DuPage Case Numbers 2006 DV 7073 and 2006 CM 7074.

22.) The Village, acting under color of state law, has failed to inform Plaintiff of the nature and cause of the accusation, a criminal citation was issued by the Village against Plaintiff but no notice was given. First indication of a ticket for public nuisance was a 'bond forfeiture' hearing even though no bond or personal recognizance was given. DuPage County Case Number 2006 OV 9001.

23.) The Village, acting under color of state law, has failed to prosecute Bensenville Compliant Number 2006 -14932, due to race and or national origin of complaining party, Plaintiff. After a reasonable investigation it would have been discovered that there were at least 3 separate individuals who were willing to testify as to the circumstances of this crime.

24.) The County's, willful blindness, to the disparate treatment of Latinos by the Village at Addison's Field Court spites in the face of equal protection and due process in order to gain illegal profits. A reasonable person would conclude that the Village racial/national origin make is almost 100% Latino. The Village by U.S. Census figures is 40%+ Latino.

## COUNT I

### DEPRIVATION OF CONSTITUTIONAL RIGHT TO FREEDOM OF SPEECH

1 – 39. The Plaintiff restates and reallege paragraphs 1 – 39 above as paragraphs 1- 39 of this Count III.

40.) The above-described comments/notices are constitutionally protected speech regarding the Village.

41.) The Village conduct occurred under color of state law.

42.) The above-described conduct of the Village arose as a retaliation for the Plaintiff's exercise of his constitutionally protected right to freedom of speech in violation of 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays that this Court enter judgment in their favor and against defendant, Village of Bensenville as follows:

- o  For damages to be proved at trail;
- o  For attorney fees, pursuant to 42 U.S.C. § 1988(b);

- For an injunction, as this Court sees fit, to preserve and protect the Plaintiff rights, including appropriate orders restraining the defendant, the Village from further efforts to retaliate and from further interactions with the Plaintiff;
- For exemplary damages due to defendant, The Village of Bensenville, callous indifference to Mr. Vázquez's rights; and
- For further relief as this Court deems appropriate.

Plaintiff demands trail by jury to the extent available for the requested relief.

*[signature]*

William Vázquez, Pro-se
100 North Mason Street, #302
Bensenville, Illinois
60106
630.319.4181
wilv@sbcglobal.net