IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| William Vazquez, | ) | |
| | ) | |
| Pro Se Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.   07 CV 6679 |
| | ) | |
| Village of Bensenville and | ) | Judge Castillo |
| County of DuPage, | ) | |
| | ) | Mag. Judge Keys |
| Defendants. | ) | |

**DEFENDANT'S, VILLAGE OF BENSENVILLE, ANSWER AND
AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**

NOW COMES the Defendant, VILLAGE OF BENSENVILLE, by and through one of its attorneys, PHILLIP A. LUETKEHANS of Schirott & Luetkehans, P.C., and in answer to Plaintiff's Amended Complaint states the following unto this Honorable Court:

**Nature of Action**

This case is about an oppressive and relentless harassment campaign that The Village of Bensenville and others waged against Plaintiff, William Vazquez ("Plaintiff") for publicly speaking out regarding the Village of Bensenville ("Village") affairs and matters of public concern.  Plaintiff suffered and continues to suffer improper deprivation of rights under 42 U.S.C. § 1983.  The government official activity escalated to eight separate misdemeanor charges being filed against Plaintiff.  The defendants improperly have attempted to deprive the Plaintiff of his Constitutional rights to:

1.  Freedom of speech;

2.  The right of the people peaceably to assemble;

3.  The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures;

4.      Be deprived of life, liberty, or property, without due process of law;

5.      False arrest;

6.      To be informed of the nature and cause of the accusation;

7.      The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any state on account of race, color, or previous condition of servitude.

Plaintiff is the victim of a vindictive campaign to intimidate him through the power of government.  Plaintiff, because of his opposition to policies and illegal acts of the named defendants, Plaintiff has been punished using the color of law.  In addition, Plaintiff asserts the additional claim of malicious prosecution against Defendants.

**ANSWER:**    The Village denies the allegations contained in the Nature of Action.

## Parties

1.      William Vazquez, Pro-se Plaintiff, resident of DuPage County for over 25 years. No criminal convictions.  In fact, Plaintiff received a 'directed verdict' in one of the eight cases brought against defendant by the Village of Bensenville.  Pro-se Plaintiff comes before this court with clean hands.

**ANSWER:**    The Village denies that Plaintiff has no criminal convictions and states that it has knowledge insufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 1 and, therefore, neither admits nor denies same but demands strict proof thereof.

2.      Village of Bensenville is incorporated as a Village form of government with in the County of DuPage.  Village of Bensenville, Department of Public of Public Safety, Police Division was "reconstitute" by Federal Court Order in 2002 due to general corruption.  All Bensenville Police officers were allowed to resign or face charges in the Federal District.

Village of Bensenville had a unique opportunity at that time to reflect the community it serves and hire and retain Hispanic Officers/management, it choose no to comply will Illinois and Federal employment law.

    **ANSWER:**   The Village admits that the Village of Bensenville is incorporated as a village form of government within the County of DuPage, but denies the remaining allegations of paragraph 2.

**Jurisdiction and Venue**

    4. [sic]    Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1331, because this action arises under the laws of the United States - specifically, 42 U.S.C. § 1983.

    **ANSWER:**   The Village admits the jurisdiction of this Honorable Court.

    5. [sic]    Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b), because defendants reside in this District and because the circumstances for this action arose in this District.

    **ANSWER:**   The Village admits that venue is proper in this Court.

    6. [sic]    This Court has supplemental jurisdiction, under 28 U.S.C. § 1367(a), over Plaintiff's state law malicious prosecution and failure to train and supervise claims because those claims are so related to the claim in this action with the Court's original jurisdiction that it forms part of the same case or controversy.  In addition it would be fundamentally unfair to expect a pre-se Plaintiff to duplicate his efforts and expenses.

    **ANSWER:**   The Village denies the allegations of paragraph 6.

3

**Vazquez Family in Bensenville**

7. [sic]        From 2003 through December 2006, William Vazquez, Plaintiff, lived at 390 West Hillside Drive, Bensenville.  Before this date Plaintiff has lived in DuPage County for over 20 years.  Plaintiff is a graduate of Elmhurst College and attended Northwestern University as a graduate student at large.  Plaintiff is gamefully employed in the financial services field.  Plaintiff has been appointed as legal guardian at least three occasions for, at risk, kids over the last 20+ years.

**ANSWER:**    The Village states that it has knowledge insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 and, therefore, neither admits nor denies same but demands strict proof thereof.

8. [sic]        Plaintiff became Court appointed legal guardian of a, at risk, minor in November 2005 until late February 2006.

**ANSWER:**    The Village states that it has knowledge insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 and, therefore, neither admits nor denies same but demands strict proof thereof.

9. [sic]        Prior to 2005, Plaintiff was not active in Village affairs, had not spoken at any Village meeting, and had not otherwise publicly presented a position regarding Village government.

**ANSWER:**    The Village states that it has knowledge insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 and, therefore, neither admits nor denies same but demands strict proof thereof.

10. [sic]       In the summer 2005, Plaintiff began a campaign to get the Village to enforce its building / housing codes against a neighbor blight, 380 West Hillside Drive.  This building was grossly over crowded, not maintained and was violating various Village codes including those which governs number and locations of parked cars.  The building owners contributed to campaign of Bensenville mayor and in returned only pays 1/3 of normal and expected water bills, leveled by The Village of Bensenville.  Again this building is grossly overcrowded and allowed to fester due to political considerations.

**ANSWER:**      The Village denies that the building only pays 1/3 of normal and expected water bills leveled by the Village and that any actions taken regarding the property at 380 West Hillside Drive have anything to do with political considerations.  Further, the Village states that it has knowledge insufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 10 and, therefore, neither admits nor denies same but demands strict proof thereof.

11. [sic]       Other alia enormia include a political party which has been in power since 1985 by diluting minority voter rights in its use of district wide elections.  All elected offices and management employees are white.  The Village of Bensenville make Hispanic businesses wait, sometimes for over a year for business licenses which is not the same as white applicants.  In addition The Village of Bensenville allows its political contributing businesses to sell alcohol, cigarettes and drug paraphernalia to minors.  Again this is a village which is more than 40% Hispanics, which feels it's above the law and intentionally disregards its fiduciary duties to all its citizens.  This is reflected in Bensenville's in its political, employment and retention policies.

**ANSWER:**      The Village denies the allegations of paragraph 11.

### Plaintiff Begins to Raise Concerns

11.     Plaintiff was in contact with various members of the Village about concerns about 380 West Hillside Drive.  Minimal results did materialize as to outward appearance and upkeep of 380 West Hillside Drive.

**ANSWER:**     The Village states that it has knowledge insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 and, therefore, neither admits nor denies same but demands strict proof thereof.

12.     Plaintiff takes note that there are no elected 'Latino' members to the Village. There are no 'Latinos' in managers, directors or other upper levels of Village government.  There are only 3 Latino police officers in the Village, one sergeant and two female beat officers.  All six detectives out of 31 police officers are white male and so are their bosses/supervisors.

**ANSWER:**     The Village states that it has knowledge insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 and, therefore, neither admits nor denies same but demands strict proof thereof.

13.     Local court call is heard in the Addison Field Court, a branch of the DuPage Court system.  18 random samples were taken of a defendant's racial or national origin in this misdemeanor/traffic court room.  98% of all defendants were Latino, a statistically significant number since it's above two standard deviations that would be expected.  In talking to this court room's personnel, the Bensenville court call was described as the 'brown' court call.  Not all court room personnel were willfully blind.

**ANSWER:**     The Village admits that a local court call is heard in the Addison Field Court, a branch of the DuPage Court system, but, further answering, states that it has knowledge

insufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 13 and, therefore, neither admits nor denies same but demands strict proof thereof.

14.     Illinois Department of Transportation, Racial Profiling Study Supports Plaintiff's own study.  It shows the Bensenville Police Officer tickets Hispanic drivers greater than 2 times the standard deviation as would be expect from general population.  In fact the days studied showed the same arresting officer in this case only gave "warning tickets" to white female drivers and no "warning tickets" were issued to Hispanics during the same periods studied.  The Village of Bensenville has failed to train or supervise said white arresting officer and consents and encourages said officer, acting in their official capacity, under the color of law, to intentionally and deliberately, to use his ticket(s), tows and arrests powers of their office, to discriminate against Hispanics.

**ANSWER:**    The Village denies that it has failed to train or supervise any arresting officers and denies that it consents to and encourages said officers acting in their official capacities under color of law to intentionally and deliberately use the tickets, towing and arrest powers of their office to discriminate against Hispanics.  Further answering, the Village states that it has knowledge insufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 14 and, therefore, neither admits nor denies same but demands strict proof thereof.

15.     In February 2006 Plaintiff served the Village president and the Village Police Chief with a 30 day notice intend to sue.  Fiduciary and Qui Tam grounds were cited in that notice to each Village Officer.

**ANSWER:**    The Village denies the allegations of paragraph 15.

7

**Village of Bensenville Strikes Back**

16.     The Village, acting under color of state law, has towed a truck owned by Plaintiff, from private property with out neither warrant nor property's owner's permission, on at least 3 separate occasions.

    **ANSWER:**     The Village states that it has knowledge insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 and, therefore, neither admits nor denies same but demands strict proof thereof.

17.     The Village, acting under color of state law, has and continues to enter private property with out the property's owner consent or permission, in order to ticket Plaintiff's truck for non-display of Village sticker.

    **ANSWER:**     The Village states that it has knowledge insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 and, therefore, neither admits nor denies same but demands strict proof thereof.

18.     The Village, acting under color of state law, has conducted illegal searches of the Plaintiff's apartment @ 390 West Hillside and freely admits to this, DuPage hearing 10-23-2007, DuPage Case Numbers 2006 DV 683, 2006 DV 835 and 2006 DV 1071.

    **ANSWER:**     The Village denies the allegations of paragraph 18.

19.     The Village, acting under color of state law, has conducted illegal searches of the Plaintiff's apartment @ 390 West Hillside.  This illegal search/entry resulted in the arrest of Plaintiff.  DuPage County Case Numbers 2006 DV 0683 and 2006 DV 835.

    **ANSWER:**     The Village denies the allegations of paragraph 19.

20.    The Village, acting under color of state law, has refused to allow a Pro-se Plaintiff to secured and protect his privileged and confidential case files related to these criminal cases during an arrest.  DuPage County Case Number 2006 DV 1071.

**ANSWER:**    The Village denies the allegations of paragraph 20.

21.    The County Of DuPage ("County"), acting under an arrest warrant obtained by the Village, arrested Plaintiff while he was preparing for a hearing at the Wheaton Court House, DuPage Case Number 2005 CM 6830.  The County acting under color of state law, had refused to allow a Pro-se Plaintiff to secured and protect his privileged and confidential case files related to these criminal cases during an arrest, for DuPage Case Numbers 2006 DV 7073 and 2006 CM 7074.

**ANSWER:**    The Village states that it has knowledge insufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 and, therefore, neither admits nor denies same but demands strict proof thereof.

22.    The Village, acting under color of state law, has failed to inform Plaintiff of the nature and cause of the accusation, a criminal citation was issued by the Village against Plaintiff but no notice was given.  First indication of a ticket for public nuisance was a 'bond forfeiture' hearing even though no bond or personal recognizance was given.  DuPage County Case Number 2006 OV 9001.

**ANSWER:**    The Village denies the allegations of paragraph 22.

23.    The Village, acting under color of state of law, has failed to prosecute Bensenville Complaint Number 2006 - 14932, due to race and or national origin of complaining party, Plaintiff.  After a reasonable investigation it would have been discovered that there were at least 3 separate individuals who were willing to testify as to the circumstances of this crime.

**ANSWER:**     The Village denies that it has failed to prosecute Bensenville Complaint No. 2006 - 14932 due to the race and/or national origin of Plaintiff.  Further answering, the Village states that it has knowledge insufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 23 and, therefore, neither admits nor denies same but demands strict proof thereof.

24.     The County's, willful blindness, to the disparate treatment of Latinos by the Village at Addison's Field Court spites in the face of equal protection and due process in order to gain illegal profits.  A reasonable person would conclude that the Village racial/national origin make is almost 100% Latino.  The Village by U.S. Census figures is 40%+ Latino.

**ANSWER:**     The Village denies the allegations of paragraph 24.

## COUNT I

### DEPRIVATION OF CONSTITUTIONAL RIGHT
### TO FREEDOM OF SPEECH

1-39. [sic]     The Village adopts and reaffirms its answers to Plaintiff's paragraphs 1 through 24.

40. [sic]     The above-described comments/notices are constitutionally protected speech regarding the Village.

**ANSWER:**     The Village denies the allegations of paragraph 40.

41. [sic]     The Village conduct occurred under color of state law.

**ANSWER:**     The Village admits that its actions take place under color of state law but denies the remaining allegations of paragraph 41.

42. [sic]     The above-described conduct of the Village arose as a retaliation for the Plaintiff's exercise of his constitutionally protected right to freedom of speech in violation of 42 U.S.C. § 1983.

**ANSWER:**     The Village denies the allegations of paragraph 42.

WHEREFORE, Defendant, VILLAGE OF BENSENVILLE, denies that Plaintiff is entitled to any judgment whatsoever against it and prays this Honorable Court will enter judgment in its favor and allow for the costs of defending this lawsuit.

/s/----------Phillip A. Luetkehans------------------
One of the Attorneys for Defendant
VILLAGE OF BENSENVILLE

## FIRST AFFIRMATIVE DEFENSE

NOW COMES the Defendant, VILLAGE OF BENSENVILLE, by and through one of its attorneys, PHILLIP A. LUETKEHANS of Schirott & Luetkehans, P.C., and for its first affirmative defense to the Amended Complaint of Plaintiff, WILLIAM VAZQUEZ, states the following unto this Honorable Court:  punitive damages are unavailable in claims against the Village of Bensenville.

WHEREFORE, Defendant, VILLAGE OF BENSENVILLE, denies that Plaintiff is entitled to any judgment whatsoever against it and prays this Honorable Court will enter judgment in its favor and allow for the costs of defending this lawsuit.

/s/----------Phillip A. Luetkehans------------------
One of the Attorneys for Defendant
VILLAGE OF BENSENVILLE

11

## SECOND AFFIRMATIVE DEFENSE

NOW COMES the Defendant, VILLAGE OF BENSENVILLE, by and through one of its attorneys, PHILLIP A. LUETKEHANS of Schirott & Luetkehans, P.C., and for its second affirmative defense to the Amended Complaint of Plaintiff, WILLIAM VAZQUEZ, states the following unto this Honorable Court:  no municipal custom or policy of the Village of Bensenville caused Plaintiff's alleged injuries.

WHEREFORE, Defendant, VILLAGE OF BENSENVILLE, denies that Plaintiff is entitled to any judgment whatsoever against it and prays this Honorable Court will enter judgment in its favor and allow for the costs of defending this lawsuit.

/s/----------Phillip A. Luetkehans------------------
One of the Attorneys for Defendant
VILLAGE OF BENSENVILLE


E-filed:  April 21, 2008


Phillip A. Luetkehans, 6198315
Robert W. Funk, 6237110
Brian J. Armstrong, 06236639
SCHIROTT & LUETKEHANS, P.C.
105 East Irving Park Rd.
Itasca, IL 60143
630-773-8500