FILED
SEPTEMBER 3, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| William Vazquez, | |
| Plaintiff, | No. 07–cv–6679 |
| v. | |
| Village of Bensenville and Bensenville Police Department | Judge Castillo  Magistrate Judge Keys |
| Defendants. | |

## Second Amended Complaint

For his Second Amended Complaint against the Village of Bensenville and the Bensenville Police Department, Plaintiff William Vazquez states as follows:

### Nature of the Action

1.      Plaintiff William Vazquez is a resident of Bensenville, Illinois, and is a Hispanic person of Puerto Rican descent. Mr. Vazquez brings this action against the Village of Bensenville and the Bensenville Police Department for malicious prosecution, for the deprivation of his constitutional right to equal protection of the law, and for the violation of his right to engage in constitutionally protected speech.

### The Parties

2.      William Vazquez is a natural person and resides in the Village of Bensenville, Illinois.

3.      The Village of Bensenville is a municipality in DuPage County, Illinois.

4.      The Bensenville Police Department is an entity in DuPage County, Illinois.

**Jurisdiction and Venue**

5. This Court has jurisdiction over Mr. Vazquez's constitutional claims through 28 U.S.C. § 1983. This Court has supplemental jurisdiction over Mr. Vazquez's state law claims through 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over the Village of Bensenville because the Village is a municipality that is deemed to reside within the Northern District of Illinois.

7. This Court has personal jurisdiction over the Bensenville Police Department because the Police Department is an entity that is deemed to reside within the Northern District of Illinois.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because (i) both Defendants are deemed to reside in the Northern District of Illinois, (ii) substantial events or omissions occurred in the Northern District of Illinois, and (iii) both Defendants are subject to personal jurisdiction in the Northern District of Illinois.

**Background Facts**

9. Beginning in or before 2004 Mr. Vazquez has spoken publicly about several of his concerns regarding the Village of Bensenville and the Bensenville Police Department. Some of the concerns about which Mr. Vazquez has spoken publicly are inefficient village services such as garbage collection, the selective enforcement of parking and other laws, the discriminatory hiring practices of the Police Department, and discriminatory treatment by the Village and the Police Department and their employees. Mr. Vazquez engaged in speech that is constitutionally protected.

10. After Mr. Vazquez began speaking publicly about these and other issues, the Defendants began two criminal proceedings against Mr. Vazquez, charging him with Harassment By Telephone and with Contributing to the Delinquency of a Minor.

11. Mr. Vazquez received a directed verdict in his favor on the charge for Contributing to the Delinquency of a Minor.

12. Mr. Vazquez received a nolle prosequi in his favor on the charge for Harassment By Telephone. This outcome resulted when it was discovered that there were no witnesses to testify against Mr. Vazquez.

13. Mr. Vazquez received at least 18 parking citations from the Defendants. Parking citations were issued to Mr. Vazquez when Mr. Vazquez's car was parked on private property.

14. When Mr. Vazquez was issued parking citations, other similarly situated vehicle owners were not issued citations.

15. Those vehicle owners, whom the Defendants treated differently from Mr. Vazquez, are not Hispanic.

16. Those vehicle owners, whom the Defendants treated differently from Mr. Vazquez, are not of Puerto Rican descent.

17. The Defendants treated Mr. Vazquez differently from all others who were similarly situated.

### Count I: Malicious Prosecution Claim Against Both Defendants

18. Allegations 1–17 are incorporated here.

19. The Defendants began or continued criminal proceedings against Mr. Vazquez.

20. Mr. Vazquez received favorable terminations to the criminal proceedings.

21. The Defendants acted with malice and without probable cause.

22. As a result, Mr. Vazquez consequently suffered damages.

WHEREFORE, Mr. Vazquez respectfully requests that the Court enter judgment in Mr. Vazquez's favor against the Defendants on Count I, granting the following relief:

(a) Adjudge that the Defendants maliciously prosecuted Mr. Vazquez;

(b) Award Mr. Vazquez damages resulting from the Defendants' malicious prosecution;

(c) Award Mr. Vazquez his costs; and

(d) Grant Mr. Vazquez such other or further relief as the Court deems just.

### Count II: Equal Protection Claim Against Both Defendants

23. Allegations 1–17 are incorporated here.

24. The Defendants intentionally treated Mr. Vazquez differently from similarly situated non-Hispanic persons and had no rational basis for doing so.

25. The Defendants intentionally treated Mr. Vazquez differently from similarly situated persons who are not of Puerto Rican descent and had no rational basis for doing so.

26. The Defendants intentionally treated Mr. Vazquez differently from all others similarly situated and had no rational basis for doing so.

27. The Defendants and their employees engaged in this conduct under the color of law.

28. As a result, Mr. Vazquez consequently suffered damages.

WHEREFORE, Mr. Vazquez respectfully requests that the Court enter judgment in Mr. Vazquez's favor against the Defendants on Count II, granting the following relief:

(a) Adjudge that the Defendants denied Mr. Vazquez his right to the equal protection of the laws;

(b) Award Mr. Vazquez damages resulting from the Defendants' denial of Mr. Vazquez's right to equal protection of the laws;

(c) Award Mr. Vazquez his costs; and

(d) Grant Mr. Vazquez such other or further relief as the Court deems just.

**Count III: Free Speech Claim Against Both Defendants**

29. Allegations 1–17 are incorporated here.

30. Mr. Vazquez engaged in constitutionally protected speech.

31. The Defendants retaliated against Mr. Vazquez for Mr. Vazquez's exercise of his right to engage in constitutionally protected speech.

32. Mr. Vazquez's exercise of his right to engage in constitutionally protected speech was a substantial and motivating factor behind the Defendants' actions.

33. The Defendants would not have acted identically in the absence of Mr. Vazquez's exercising his right to engage in constitutionally protected speech.

34. The Defendants and their employees engaged in this conduct under the color of law.

35. As a result, Mr. Vazquez consequently suffered damages.

WHEREFORE, Mr. Vazquez respectfully requests that the Court enter judgment in Mr. Vazquez's favor against the Defendants on Count III, granting the following relief:

(a) Adjudge that the Defendants violated Mr. Vazquez's right to exercise his right to engage in constitutionally protected speech;

(b) Award Mr. Vazquez damages resulting from the Defendants' violation of Mr. Vazquez's right to engage in constitutionally protected speech;

(c) Award Mr. Vazquez his costs; and

(d) Grant Mr. Vazquez such other or further relief as the Court deems just.

## Jury Demand

Mr. Vazquez demands a trial by jury on all issues properly tried to a jury.


Dated: August 26, 2008                              Plaintiff William Vazquez


                                                     By: *s/ Steven E. Cyranoski*

                                                     Steven E. Cyranoski (No. 6210247)
                                                         secyranoski@michaelbest.com
                                                     David M. Caves (No. 6292531)
                                                         dmcaves@michaelbest.com
                                                   MICHAEL BEST & FRIEDRICH LLP
                                                   Two Prudential Plaza
                                                   180 North Stetson Avenue, Suite 2000
                                                   Chicago, Illinois 60601
                                                   Telephone: 312–222–0800
                                                   Facsimile: 312–222–0818